IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3066-D

KEVIN CORNILIUS COX, JR.,       )
                                )
                Plaintiff,      )
                                )
        v.                      )          **ORDER**
                                )
MR. McCARGO,[1] et al.,         )
                                )
                Defendants.     )
                                )

On March 15, 2016, Kevin Cornilius Cox, Jr., ("Cox" or "plaintiff"), a state inmate

proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1] together with several exhibits

[D.E. 1-1]. Cox proceeds in forma pauperis. See [D.E. 2, 9]. On September 22, 2016, the court

reviewed the complaint under 28 U.S.C. § 1915A and allowed the action to proceed [D.E. 11].

On October 18, 2016, defendant White moved to dismiss the complaint under Federal Rule

of Civil Procedure 12(b)(1) and (6) [D.E. 16]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310

(4th Cir. 1975) (per curiam), the court notified Cox about the motion to dismiss, the consequences

of failing to respond, and the response deadline [D.E. 18]. Cox missed the deadline of December

8, 2016. See [D.E. 21–22]. On February 24, 2017, Cox filed a document entitled "opposition to

motion to dismiss" [D.E. 29], which appears to reply to the answer that defendants McCargo,

Mebane, and Teel filed on February 10, 2017. Cox also moves "to order defendants to reply or

plea." Mot. [D.E. 28] 1. As explained below, the court grants in part defendant White's motion to

_____

[1] Cox initially spelled this defendant's last name as McCarnoh or McCargoh. See Compl.
[D.E. 1] 1. It appears this defendant's name is spelled McCargo. See Answ. [D.E. 26] 1. The clerk
shall amend the docket to reflect the correct spelling of this defendant's name.

dismiss and denies Cox's motion as moot.[2]

I.

Cox is "a practicing Muslim" seeking a legal name change "for religious reasons." Compl.

at 4. In 2011, the North Carolina legislature amended the process for applying for a legal name

change to require an applicant to submit a criminal history background check with fingerprints.

See Change of Name—Criminal History Record Information, S.L. 2011-303, § 1, eff. June 24, 2011

(codified at N.C. Gen. Stat. § 101-5); see also [D.E. 1-1] 3 (grievance response). "The clerk shall

instruct the applicant on the process for having fingerprints taken and submitted for the criminal

history record check, including providing information on law enforcement agencies or acceptable

service providers." N.C. Gen. Stat. § 101-5(b). Cox contacted the Bertie County Clerk of Superior

Court, and defendant White, a deputy clerk, provided him with the address for the Bertie County

Sheriff's Office. See Compl. at 3; [D.E. 1-1] 1. The Bertie County Sheriff's Office did not respond

to Cox's letter. Compl. at 3. Cox also made "many request[s]" for assistance to his former case

manager, defendant Teel. Id. Teel spoke with defendant Mebane, who "said he'll do the

fingerprinting but he got to get permission from [defendant] Mr. [McCargo]." Id. at 3–4; see [D.E.

1-1] 2. McCargo "disregarded my/our request . . . and pointed us in the direction of Bertie County

Clerk of Courts." Compl. at 4. Cox seeks injunctive relief and monetary damages. Id. at 4–5.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can

be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P.

12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544,

---

[2] As Cox acknowledges in his motion, defendants McCargo, Teel, and Mebane had until February 10, 2017, to answer or otherwise respond to his complaint. Mot. [D.E. 28] 1–2; see [D.E. 24–25]. These defendants filed their answer on that date [D.E. 26]. Thus, Cox's motion is moot.

2

555 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips, 572 F.3d at 180. Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Inmates have a constitutional right to reasonable access to state and federal courts. See, e.g., Lewis v. Casey, 518 U.S. 343, 350–51 (1996); Ex parte Hull, 312 U.S. 546, 549 (1941); Snyder v. Nolen, 380 F.3d 279, 291 (7th Cir. 2004); Pink v. Lester, 52 F.3d 73, 76 (4th Cir. 1995). To state a claim for denial of access to the courts, the inmate must show that the defendant's conduct either hindered the inmate's efforts to pursue a legal claim or caused the inmate actual injury. See, e.g., Lewis, 518 U.S. at 351–57; Michau v. Charleston Cty., 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). The inmate also must show that the defendant acted intentionally rather than negligently or erroneously. See Tucker v. I'Jama, 361 F. App'x 405,

407–08 (3d Cir. 2010) (per curiam) (unpublished); Pink, 52 F.3d at 76 ("The inadvertent misrouting of a request form simply does not implicate the fundamental democratic principle of the right to petition; namely, that a republican government not turn a deaf ear to its citizenry."); Jones v. Buncombe Cty., No. 1:10CV42-1-MU, 2010 WL 1958595, at *4 (W.D.N.C. May 14, 2010) (unpublished). Moreover, isolated incidents without negative consequences to the plaintiff do not constitute a constitutional deprivation of one's rights. See, e.g., Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983).

Cox does not allege that defendant White intentionally refused to process his application for a legal name change or interfered in any way with his attempt to file such an application. Rather, Cox simply alleges that White responded to his inquiry about obtaining the fingerprints necessary to file an application by providing him with the contact information for the Bertie County Sheriff's Office and informing him that "the sheriff's office handles" the fingerprinting process. Compl. at 3; [D.E. 1-1] 1. Therefore, Cox has failed to state a claim against defendant White. See Tucker, 361 F. App'x at 407–08; Snyder, 380 F.3d at 291 n.11; Pink, 52 F.3d at 76; Drumbarger v. Scott, 861 F.2d 720, at *1 (6th Cir. 1988) (unpublished table decision); Doe v. Pence, No. 1:16-cv-02431-JMS-DML, 2017 WL 956365, at *7 (S.D. Ind. Mar. 13, 2017) (unpublished); Jones, 2010 WL 1958595, at *4. Thus, the court grants White's motion to dismiss for failure to state a claim.[3]

II.

In sum, the court GRANTS IN PART defendant White's motion to dismiss [D.E. 16] and DISMISSES plaintiff's claims against White for failure to state a claim under Federal Rule of Civil

---

[3] Contrary to defendant White's assertion, see [D.E. 17] 2–3, Cox did not sue White in her official capacity. See Compl. at 3. Thus, the court declines to address White's remaining arguments. Cf. Lewis v. Clarke, No. 15-1500, 2017 WL 1447161, at *5 (U.S. Apr. 25, 2017).

4

Procedure 12(b)(6). The court DENIES AS MOOT plaintiff's motion [D.E. 28]. The remaining defendants have until May 31, 2017, to file any further motions.

SO ORDERED. This 9 day of May 2017.

JAMES C. DEVER III
Chief United States District Judge