IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3066-D

| | |
|---|---|
| KEVIN CORNELIUS COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MR. McCARGO, et al., ) | |
| ) | |
| Defendant. ) | |

On March 15, 2016, Kevin Cornilius Cox, Jr., ("Cox" or "plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 together with several exhibits [D.E. 1, 1-1, 2, 9]. On September 22, 2016, the court reviewed the complaint under 28 U.S.C. § 1915A and allowed the action to proceed [D.E. 11]. On February 10, 2017, defendants McCargo, Teel and Mebane answered the complaint [D.E. 26]. On May 9, 2017, the court dismissed Cox's claims against defendant White pursuant to Federal Rule of Civil Procedure 12(b)(6), and set a deadline of May 31, 2017, for any further motions [D.E. 33].

On May 31, 2017, the remaining defendants moved for summary judgment [D.E. 34] and submitted the affidavit of Finesse G. Couch [D.E. 37-1], Executive Director of the North Carolina Inmate Grievance Resolution Board ("IGRB"), together with affidavits from two defendants and other exhibits [D.E. 37-2, 37-3]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Cox about the motion, the consequences of failing to respond, and the response deadline [D.E. 31]. On June 12, 2017, Cox responded in opposition [D.E. 39]. As explained below, the court grants in part the motion for summary judgment, and dismisses the action without prejudice for failure to exhaust administrative remedies.

I.

Cox is "a practicing Muslim" seeking a legal name change "for religious reasons." Compl. at 4. In 2011, the North Carolina legislature amended the process for applying for a legal name change to require an applicant to submit a criminal history background check with fingerprints. See Change of Name—Criminal History Record Information, S.L. 2011-303, § 1, eff. June 24, 2011 (codified at N.C. Gen. Stat. § 101-5); see also [D.E. 1-1] 3 (grievance response). "The clerk shall instruct the applicant on the process for having fingerprints taken and submitted for the criminal history record check, including providing information on law enforcement agencies or acceptable service providers." N.C. Gen. Stat. § 101-5(b). Cox contacted the Bertie County Clerk of Superior Court, and defendant White, a deputy clerk, provided him with the address for the Bertie County Sheriff's Office. See Compl. at 3; [D.E. 1-1] 1. The Bertie County Sheriff's Office did not respond to Cox's letter. Compl. at 3. Cox also made "many request[s]" for assistance to his former case manager, defendant Teel. Id. Teel spoke with defendant Mebane, who "said he'll do the fingerprinting but he got to get permission from [defendant] Mr. [McCargo]." Id. at 3–4; see [D.E. 1-1] 2. McCargo "disregarded my/our request ... and pointed us in the direction of Bertie County Clerk of Courts." Compl. at 4. Cox seeks injunctive relief and monetary damages. Id. at 4–5.

The North Carolina Department of Public Safety ("DPS") provides a three-step administrative-remedy procedure for prisoner grievances. See Couch Aff., Ex. A [D.E. 37-1] 3–13 (DPS Administrative Remedy Procedure policy); see also Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (describing the three steps). Between January 1, 2015, and December 22, 2016, Cox completed six three-step appeals. Couch Aff. [D.E. 37-1] ¶ 7 & Ex. B [D.E. 37-1] 14–56 (complete grievance records). These six three-step appeals do not relate to the allegations of Cox's complaint. Cox contends that the step one response to his grievance concerning the name-change process "was

2

a 'stonewall[,]'" Compl. 1, but does not further elaborate on why he was unable to fully exhaust his grievance.

Summary judgment is appropriate when the record as a whole reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Defendants contend that Cox failed to exhaust administrative remedies before filing suit. Mem. Supp. Mot. Summ. J. [D.E. 35] 8–11. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Ross v. Blake, 136 S. Ct. 1850, 1856 (2016); Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."

3

Porter, 534 U.S. at 532. The PLRA requires a prisoner to exhaust administrative remedies "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007); see Ross, 136 S. Ct. at 1856–57. Failure to exhaust administrative remedies is an affirmative defense that a defendant must generally plead and prove. See Jones, 549 U.S. at 216; Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017); Anderson v. XYZ Correction Health Servs., 407 F.3d 674, 681 (4th Cir. 2005), abrogation on other grounds recognized by Custis, 851 F.3d at 362–63.

Section 1997e(a) requires an inmate to exhaust his administrative remedies before filing suit. See Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 626–28 (8th Cir. 2003). When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Ford, 362 F.3d at 401; Johnson v. Cannon, No. 4:08-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished); Shouse v. Madsen, No. 7:09-cv-00461, 2010 WL 276543, at *2 (W.D. Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses.

In Ross, the Supreme Court emphasized the PLRA's "mandatory language" concerning exhaustion. Ross, 136 S. Ct. at 1856–57 (stating that "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion"). Cox has not presented any circumstance excusing his failure to comply with the administrative remedy procedure. Cf. id. at 1859. Furthermore, the grievance procedure was available to Cox. Cf. id. (identifying "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief"); Moore, 517 F.3d at 725. Additionally, the DPS's administrative

4

remedy procedure is not "so opaque that it becomes, practically speaking, incapable of use," and the grievance responses did not lead Cox to reasonably believe that he had properly exhausted his administrative remedies. Cf. Ross, 136 S. Ct. at 1859. Thus, the court grants defendants' motion for summary judgment and dismisses Cox's complaint without prejudice. Because Cox failed to exhaust his administrative remedies, the court declines to address the merits of his claims.

II.

In sum, the court GRANTS IN PART the motion for summary judgment [D.E. 34] and DISMISSES the action WITHOUT PREJUDICE for failure to exhaust administrative remedies. The clerk shall close the case.

SO ORDERED. This  13  day of October 2017.

JAMES C. DEVER III
Chief United States District Judge